IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:18-cr-085 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| ERIC PAUL LINDAHL, | : |
| | : |
| Defendant. | : |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Eric Paul Lindahl's Motion for Compassionate Release to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 44). For the reasons articulated below, the Court **GRANTS** Mr. Lindahl's motion, subject to the conditions of release specified below.

**II. BACKGROUND**

On June 22, 2018, Defendant Eric Paul Lindahl ("Mr. Lindahl") pleaded guilty to one count of conspiracy to possess with intent to distribute over 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). (ECF No. 35). On October 5, 2018, Mr. Lindahl was sentenced to a below-guidelines term of 100 months and a five-year term of supervised release. (ECF No. 42 at 1−3). Mr. Lindahl is currently incarcerated at FCI Yazoo City Medium ("FCI Yazoo") and has served approximately 36 months of his sentence. (*See* ECF No. 50 at 3).

1

Mr. Lindahl filed his motion for compassionate release *pro se* on November 3, 2020. On November 9, 2020, this Court appointed counsel for the purpose of assisting Mr. Lindahl in his request for early release. (ECF No. 45). Two weeks later, on November 23, 2020, appointed counsel Diane Menashe indicated that she did not intend to file a supplement to Mr. Lindahl's original motion. (ECF No. 46). The Government opposed Mr. Lindahl's release on December 3, 2020. (ECF No. 47).

This Court issued an Opinion and Order on December 30, 2020 (ECF No. 48), applying the three-step analysis district courts in the Sixth Circuit use to consider motions for compassionate release, which was recently clarified in *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). First, this Court determined whether "extraordinary and compelling reasons" warranted Mr. Lindahl's early release. Second, since the *Jones* court held that U.S.S.G. § 1B1.13 no longer applies to motions brought by incarcerated persons on their own behalf, this Court used its "full discretion to define 'extraordinary and compelling' without consulting [that] policy statement." *Id.* at 1111. Under these two steps, the Court found that Mr. Lindahl had presented "extraordinary and compelling" reasons to justify a sentence reduction. (ECF No. 48 at 8). Specifically, the Court cited the following combination as extraordinary and compelling reasons:

> the current state of the COVID-19 pandemic; its effects on prison populations in general and the number of confirmed active cases among inmates and staff with FCI Yazoo in particular; Mr. Lindahl's age and the higher risks faced by persons of his age range; Mr. Lindahl's hypertension, or high blood pressure, which might increase the risk of severe illness from COVID-19; and his other health issues indicated in the record . . . .

(*Id.*).

The third step requires the Court to consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114 (citation omitted). The

Government argued that § 3553(a) factors counseled against Mr. Lindahl's early release, citing deterrence and public protection. (ECF No. 47 at 8−9). Mr. Lindahl, however, did not discuss the § 3553(a) factors in his original motion. Accordingly, this Court held that it could not adequately consider Mr. Lindahl's motion until Ms. Menashe provided a discussion of the relevant § 3553(a) factors, "with a particular emphasis on why release would not present a danger to the safety of any other person or to the community." (ECF No. 48 at 10). The Court held the motion in abeyance, pending defense counsel's supplemental motion and the Government's reply. (*Id.* at 11). This matter is now fully briefed and ripe for review.

### III. LAW & ANALYSIS

When the Court analyzes the relevant § 3553(a) factors to rule on a motion for compassionate release, it is not required to "specifically articulat[e]" every single Section 3553(a) factor in its analysis; instead, the Court must indicate that it considered the pertinent factors on the record "as a whole," which includes both the original sentencing proceeding and the compassionate release decision. *Jones*, 980 F.3d at 1114−15. Section 3553(a) instructs the Court to consider the following factors:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant;

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) The kinds of sentences available;

> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Government argues that § 3553(a) factors counsel against Mr. Lindahl's early release in part because he "has a serious criminal history." (ECF No. 50 at 2). In support, it simply cites his criminal incidents over the past 25 years and concludes that his previous convictions show that he poses "a serious risk of recidivism." (*Id.*). Defendant, on the other hand, refers to a report issued by the U.S. Sentencing Commission, which determined that offenders between ages 51 and 60 are rearrested at a rate of less than 22% after release. U.S. Sentencing Commission, *Recidivism Among Federal Offenders: A Comprehensive Overview*, App. A-1 (March 2016), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf. Because this figure comes from a trusted and vetted study, the Court finds this information about the likelihood of Mr. Lindahl's future criminal conduct to be more persuasive than the Government's argument. Moreover, the Court notes that the majority of Mr. Lindahl's other charges are for driving while under the influence or for other drug offenses.

The Government also describes Mr. Lindahl's present offense as "serious" and "dangerous" to his community. (*Id.* at 3). While this Court does not make light of the negative effects that drugs like methamphetamine have on the public, it also acknowledges that Mr. Lindahl was an addict when he committed this offense. Defendant submits that he developed a dependency on pain medications between 2010 and 2015, due to multiple surgeries. He underwent several surgical procedures on his right knee, right meniscus, and right shoulder due to a degenerative

joint disease. (ECF No. 49 at 4). During the same period, he also had a large portion (26 inches) of his intestines removed to combat colon cancer and also suffered from major depressive disorder, anxiety, and panic attacks. (*Id.*). Mr. Lindahl's resulting pain medication addiction eventually led him to develop a dependency on methamphetamines as well, and this dependency relates directly to the offense for which he is currently incarcerated. (*Id.*). The Court finds that these circumstances are relevant to the commission of his offense and, combined with his age, decrease the likelihood that Mr. Lindahl poses a future risk to his community.

Accordingly, this Court finds that the § 3553(a) factors weigh in favor of Mr. Lindahl's immediate compassionate release.

### IV. CONCLUSION

For the reasons articulated above, the Court hereby **GRANTS** Mr. Lindahl's Motion for Compassionate Release [#44]. It is **ORDERED** that Mr. Lindahl be immediately placed in a 14-day quarantine before his release from FCI Yazoo, in accordance with former Attorney General Barr's March 2020 directive to the BOP. Furthermore, upon release, Mr. Lindahl shall begin to serve the remainder of his 100-month sentence under home confinement as a condition of supervised release. This Court finds that home confinement in this instance is a substitute for imprisonment, pursuant to USSG § 5F1.2 and 18 U.S.C. § 3583(d). After Mr. Lindahl has completed his term of home confinement, he shall serve an additional five years of supervised release, pursuant to the terms specified in this Court's sentencing judgment. (ECF No. 45).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 21, 2021**